IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-155-BO

| | | |
|---|---|---|
| KISAQ-RQ 8A 2JV | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| BANKERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is granted.

BACKGROUND

Plaintiff alleges the following in its complaint. Plaintiff, a joint venture between two design-build general construction contractors, entered into a contract in June 2011 with the Department of the Navy to serve as general contractor for the construction of Bachelor Enlisted Quarters at the Marine Corps Air Station in Cherry Point, North Carolina. In October 2012 plaintiff entered into a subcontract with Gravity-Ratterman, LLC to provide a roofing system for the project. On July 9, 2013, defendant issued a performance bond to insure Gravity-Ratterman's performance under the subcontract. On July 23, 2014, plaintiff notified defendant that Gravity-Ratterman had abandoned the project site and filed for Chapter 11 bankruptcy protection. Plaintiff requested that defendant take all steps necessary to remedy and provide for

completion of Gravity-Ratterman's work. Defendant informed plaintiff that it would not perform its obligations under the bond because of the automatic stay provisions under the Bankruptcy Code. After filing for and receiving relief from the stay by the bankruptcy court, plaintiff on August 8, 2014, notified defendant that it considered defendant to be in default under the bond and that it would take immediate action in order to mitigate damages.

On August 28, 2015, plaintiff filed the instant action in Craven County Superior Court alleging claims for breach of performance bond, breach of duty of good faith and fair dealing, and unfair and deceptive trade practices. Defendant removed the action to this Court based on its diversity jurisdiction. 28 U.S.C. § 1332; 1441. Defendant then moved to dismiss Counts II and III of plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570.

2

Defendant contends that Counts II and III for breach of the duty of good faith and fair dealing and for unfair and deceptive trade practices under Chapter 75 of the North Carolina General Statues fail on their face because North Carolina law does recognize such causes of action by bond obligees against sureties.

A.     Count II  *Duty of good faith and fair dealing*

Plaintiff contends that because a performance bond is a contract, *see e.g. Town of Pineville v. Atkinson/Dyer/Watson Architects*, 114 N.C. App. 497, 499 (1994), and a basic principal of contract law is that the parties entering into the contract must act in good faith, *Weyerhaeuser Co. v, Godwin Bldg. Supply Co.*, 40 N.C. App. 743, 746 (1979), a cause of action for bad faith exists at common law by an obligee against a surety. However, the Court is unaware of any North Carolina court which has so held, and it is persuaded by the contrary though not binding authority. In *Cincinnati Insurance Company v. Centech Building Corporation*, the Middle District held that a common law claim by an obligee against a surety of breach of the implied duty of good faith and fair dealing would not be recognized under North Carolina law. 286 F. Supp. 2d 669, 690 (M.D.N.C. 2003). Noting the absence of state court authority on the issue, the court followed "the less expansive reading of the law on this issue, so as not to create rights in North Carolina which this State's courts might not otherwise choose to recognize." *Id.* The court further noted while a common law bad faith claim is available as between insurers and insureds because of their special relationship, the North Carolina courts have "clearly explained that 'in the law, insurance and suretyship are not synonymous terms.'" *Id.* at 689 (quoting *Henry Angelo & Sons, Inc. v. Prop. Dev. Corp.*, 63 N.C. App. 569, 574 (1983)) (internal alterations omitted).

3

Plaintiff has presented no authority which persuades this Court that *Cincinnati Insurance* was wrongly decided. *See also Danis Envt'l Indus., Inc. v. Am. Cas. Co.*, No. 3:03-CV-90-MU (W.D.N.C. May 12, 2004) (applying *Cincinnati Insurance* to dismiss under 12(b)(6) obligee's claim of bad faith against surety); *see also Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 945 So. 2d 1216, 1229-30 (Fla. 2006) ("Several other states without statutory provisions similar to those in Florida have . . . conclud[ed] that in the absence of a statutory action a private cause of action for bad faith does not exist at *common law* in the suretyship context") (citing *Cincinnati Insurance* and listing cases). Therefore, because North Carolina does not at this time appear to recognize a claim for bad faith by an obligee against a surety, plaintiff's breach of implied duty of good faith and fair dealing claim against defendant is dismissed.

B.  Count III *Unfair and deceptive trade practices*

Plaintiff has also failed to state an unfair and deceptive trade practices (UDTP) claim. To support its UDTP claim, plaintiff points to defendant's actions in regard to the principal's bankruptcy filing and the automatic stay provisions of the Bankruptcy Code, defendant's untimely communications (in terms of days) with plaintiff, and defendant's refusal to pay for plaintiff's expenses. "To prevail on a claim of unfair and deceptive trade practices, a plaintiff must show: (1) defendants committed an unfair or deceptive act or practice; (2) in or affecting commerce; and (3) that plaintiff was injured thereby." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 252 (1998). A trade practice is unfair if it is immoral, unethical, oppressive, or substantially injurious. *Id.* (citation omitted). A trade practice is deceptive when it has "the tendency or capacity to mislead, or create the likelihood of deception. *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, Charlotte Branch*, 80 F.3d 895, 903 (4th Cir. 1996) (alterations and citation omitted).

4

Assuming, without deciding, that North Carolina would recognize a UDTP claim by an obligee against a surety, *but see United States ex rel. LW Const. of Charleston, LLC v. Hanover Ins. Co.*, 1:12CV86, 2013 WL 681852, at *5 n.2 (W.D.N.C. Feb. 4, 2013) (noting that UDTP claim not available against surety) *report and recommendation adopted,* 1:12-CV-00086-MR-DLH, 2013 WL 681846 (W.D.N.C. Feb. 25, 2013), plaintiff's facts as alleged do not support a plausible claim for relief. Only where a breach of contract claim is "surrounded by substantial aggravating circumstances" will it support an unfair and deceptive trade practice claim. *Griffith v. Glen Wood Co., Inc.*, 184 N.C. App. 206, 217 (N.C. App. 2007). Moreover, "North Carolina courts are extremely hesitant to allow plaintiffs to attempt to manufacture a tort action and allege UDTP out of facts that are properly alleged as a breach of contract claim." *Jones v. Harrelson and Smith Contractors, LLC*, 194 N.C. App. 203, 229 (N.C. App. 2008) *aff'd,* 363 N.C. 371 (2009). None of the allegations in the complaint would plausibly support a finding that defendant engaged in immoral, unethical, or deceptive conduct, or that substantial aggravating circumstances surround this contract dispute. Accordingly, plaintiff's UDTP claim is properly dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 16] is GRANTED. Counts II and III of plaintiff's complaint are DISMISSED.

SO ORDERED, this **16** day of February, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 4:15-cv-00155-BO Document 31 Filed 02/17/16 Page 5 of 5