IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-155-BO

| | |
|---|---|
| KISAQ-RQ 8A 2JV | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| BANKERS INSURANCE COMPANY, | ) |
| Defendant. | ) |

This cause comes before the Court on plaintiff's motion to certify order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons discussed below, plaintiff's motion is denied.

## BACKGROUND

The Court incorporates by reference the factual background of this matter as recited in its order on defendant's motion to dismiss. [DE 34]. Plaintiff seeks certification to file an interlocutory appeal of the Court's order granting defendant's motion to dismiss plaintiff's claims for breach of duty of good faith and fair dealing and unfair and deceptive trade practices under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

"Finality as a condition of review is an historic characteristic of federal appellate procedure." *Cobbledick v. United States*, 309 U.S. 323, 324 (1940). While 28 U.S.C. § 1292(b) was enacted in order to permit interlocutory appeals under some circumstances, "it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v.*

*Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2nd Cir. 1996). The decision to certify an interlocutory appeal is soundly within the discretion of the court that has issued the order. *State v. N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995). Even if the requirements of section 1292(b) are satisfied, the district court has "unfettered discretion" to decline to certify an interlocutory appeal if exceptional circumstances are absent. *Picard v. Katz*, 466 B.R. 208, 210 (S.D.N.Y. 2012) (quotation and citation omitted); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

Section 1292(b) provides that

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, *5 (4th Cir. 1989) (unpublished). Whether a common law claim by an obligee against a surety for breach of the implied duty of good faith and fair dealing would be recognized under North Carolina law is not an issue the resolution of which would dispose of this litigation. Rather, plaintiff's claim for breach of the performance bond would proceed no matter how that issue was decided. The same is true for plaintiff's unfair and deceptive trade practices claim. Thus, there is no question of controlling law that makes the Court's order on the partial motion to dismiss suitable for interlocutory appeal.

Further, an interlocutory appeal would not advance the ultimate termination of this litigation. Certification of an interlocutory appeal would not stay the proceedings in this Court.

2

28 U.S.C. § 1292(b). Thus, an appellate decision that this Court erred in dismissing Counts II and III under Rule 12(b)(6) handed down after this case has proceeded through discovery and to the dispositive motions filing period on the remaining claim and counterclaims only "creates a potential for confusion and waste of judicial resources." *Long v. CPI Sec. Sys., Inc.*, 3:12-CV-396-RJC-DSC, 2013 WL 3761078, at *4 (W.D.N.C. July 16, 2013).

Finally, this Court is simply not persuaded that this case presents an exception to the general rule that "piecemeal review of decisions that are but steps toward final judgments on the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgments." *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to certify order for interlocutory appeal [DE 37] is DENIED.


SO ORDERED, this __8__ day of June, 2016.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE